**Jerry E. KING and Sylvia J. King, Appellants**

v.

**WELLS FARGO BANK, N.A., Appellee.**

No. 05–05–01322–CV.

Court of Appeals of Texas, Dallas.

Nov. 2, 2006.

Jerry E. King, Dallas, pro se.

James C. Frappier, Barrett Burke Wilson Castle Daffin & Frappier, LLP, Addison, Marigny A. Lanier, Michael J. McKleroy, Jr., Robert F. Maris, Maris & Lanier, P.C., Dallas, for Appellee.

Before Justices MORRIS, WHITTINGTON, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This appeal arises out of a lawsuit filed by Wells Fargo Bank, N.A. for a declaration of rights and other relief involving a dispute with respect to real property owned by Jerry E. King and Sylvia J. King. The Kings, representing themselves, challenge the trial court's ruling on their rule 12 motion to show authority and assert the trial court erred in granting Wells Fargo summary judgment. For the reasons that follow, we affirm the trial court's judgment.

In 1993, the Kings purchased property on Highgate Lane in Dallas, Texas. They financed their purchase with a mortgage loan. The loan documents included a note, deed of trust, and a vendor's lien retained in the general warranty deed. After the Kings defaulted under the terms of the note, Wells Fargo notified the Kings that it was accelerating the note and proceeding with foreclosure. While preparing for the foreclosure, however, Wells Fargo discovered Jerry King had recorded liens in the amount of $125,000 plus interest against the property. Wells Fargo filed this action to establish its rights under the 1993 loan documents and to declare Jerry King's liens invalid. The Kings filed an answer and counterclaims asserting various affirmative defenses and claiming the 1993 loan documents were superceded by a note and deed of trust executed in September of 2004. The trial court granted Wells Fargo summary judgment.[1] The Kings filed this appeal.

■■■ In their first issue, the Kings generally complain about the hearing and ruling on their motion to show authority.[2] They allege that at the hearing, the associate trial judge made certain comments from which we must presume she engaged in improper ex parte communications with Wells Fargo. We do not have the benefit of a reporter's record of the hearing on the Kings' motion to show authority. We therefore have no evidence of what was said at the hearing or what evidence was presented at the hearing and, thus, no basis to review the associate judge's decision based on that evidence or the Kings' other complaints with respect to the hear-

---

1. The trial court's summary judgment became final after it signed an order dismissing Wells Fargo's remaining claims and clarifying that the Kings take nothing on their counterclaims based upon their representations on the record that all of their counterclaims were based on the alleged 2004 promissory note.

2. Under this issue, the Kings also complain about the trial court's failure to address their "Complaint of Misconduct" with respect to the hearing on their motion to show authority and the trial court's conduct during the "last hearing." Their failure to present any record citations or relevant legal authority to support these claims, however, results in the waiver of these complaints. *See* Tex.R.App. P. 38.1(h).

ing. In the absence of a reporter's record, appellants cannot demonstrate any error in connection with the hearing or ruling. *See Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex.2002); *Bielamowicz v. Cedar Hill Indep. Sch. Dist.,* 136 S.W.3d 718, 722 (Tex.App.-Dallas 2004, pet. denied). We resolve the Kings' first issue against them.

In their second issue, the Kings assert that the trial court denied their rights to due process and a trial by jury under the federal and state constitutions when it rendered summary judgment granting Wells Fargo declaratory relief. Specifically, the Kings argue their right to a trial by jury was violated by the trial court's summary judgment.[3] We conclude the Kings' argument is not well taken for the following reasons.

A party does not have an absolute right to a jury trial in a civil case. *See Willms v. Americas Tire Co., Inc.,* 190 S.W.3d 796, 810 (Tex.App.-Dallas 2006, pet. denied) (citing *Green v. W.E. Grace Mfg. Co.,* 422 S.W.2d 723, 725 (Tex.1968)). Summary judgment is a procedure that may be used to dispose of a case when there are no genuine issues of material fact and only questions of law exist. *Id.* In their brief, the Kings identify several allegations in Wells Fargo's pleadings that they contend should have been heard by a jury. Their brief, however, does not refer us to any evidence before the trial court that disputes these allegations or raises a material fact issue that would preclude summary judgment. Where, as here, no material issues of fact exist to submit to a jury, the granting of summary judgment will not violate a party's constitutional right to a jury trial. *See id.*

In reaching this conclusion, we necessarily reject the Kings' contention that a jury trial was mandated because they were charged with criminal acts. Our review of Wells Fargo's petition reveals that it merely requested the trial court to take judicial notice of certain penal statutes and did not seek specific relief based on those statutes.

Lastly under this issue, the Kings assert the trial court abused its discretion by rendering a declaratory judgment because it did not terminate the uncertainty or controversy giving rise to the proceeding. Again, we are unpersuaded by appellants' argument. At the heart of this dispute was Wells Fargo's ability to foreclose on the Kings' property pursuant to the 1993 loan documents, the validity of Jerry King's liens, and the validity of the purported 2004 promissory note and deed of trust. All of these issues were resolved by the trial court's declaratory judgment. We conclude appellants' arguments under their second issue are without merit.

In their third issue, the Kings contend the trial court's summary judgment was contrary to the law and evidence. In their argument under this issue, the Kings attack multiple allegations in Wells Fargo's original petition and reference their own responsive pleadings as support for their position that summary judgment was improper. The Kings also argue, without reference to a single citation to the summary judgment record, that the 2004 promissory note supercedes the 1993 loan documents upon which Wells Fargo relied for summary judgment.

The Kings have the burden of directing us to the evidence in the record

---

**3.** Under this issue, the Kings assert, in conclusory fashion, that they were denied a meaningful appearance because they were not allowed to present their facts or points of law to the court and were repeatedly interrupted at every unrecorded hearing. Because the Kings' brief contains no argument, record citation, or legal authority to support this contention, it is waived. *See* Tex.R.App. P. 38.1(h).

that supports their contentions. *See Most Worshipful Prince Hall Grand Lodge v. Jackson,* 732 S.W.2d 407, 412 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). It is not our duty to make an independent search of the voluminous summary judgment record for evidence supporting their position. *Id.* Moreover, pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Thus, the Kings' reliance on their pleadings and its attachments to create a fact issue is misplaced. Additionally, our review of the Kings' summary judgment response in the trial court reveals that the only summary judgment evidence they presented to the trial court was an affidavit by Jerry King denying the genuineness of the assignment from Northwest Mortgage to Wells Fargo.[4] Such conclusory statements are not proper summary judgment evidence and are insufficient to create a fact issue that would defeat summary judgment. *See Yancy v. United Surgical Partners Intern., Inc.,* 170 S.W.3d 185, 192 (Tex.App.-Dallas 2005, pet. granted).

To the extent the Kings challenge various allegations in Wells Fargo's pleadings, we note that the trial court did not grant summary judgment on these allegations. In fact, Wells Fargo voluntarily dismissed its remaining claims after the trial court rendered summary judgment declaring it was entitled to foreclose the deed of trust, that Jerry King's purported liens were invalid, and clarified that the Kings would take nothing on their counterclaims. Consequently, even if the Kings had presented the trial court with evidence creating a fact issue on these pleading allegations, such evidence would not have precluded summary judgment on the claims actually presented to and addressed by the trial court.

■ Under their third issue, the Kings also contend that the trial court erred in ignoring newly discovered evidence. The Kings do not specifically identify or provide a record citation to the new evidence to which they refer, nor do they provide any argument or relevant authority to support their position. Accordingly, they have waived this contention. *See* Tex. R.App. P. 38.1(h). Having concluded that all of appellants' arguments under this issue are without merit, we resolve the Kings' third issue against them.

■ Finally, we note that on the date this case was set for submission, the Kings filed their "Motion for Writ of Mandamus." In this motion, appellants present the following three arguments: (1) the presiding judge and associate judge had no authority to make their decisions because they lacked a lawful oath of office; (2) summary judgment left issues unresolved in the case; and (3) the trial judge failed to take mandatory judicial notice of the purpose of summary judgment. These arguments suffer the same deficiencies as the arguments in their appellate brief. There is little or no analysis and a complete absence of citations to the record or relevant legal authority to support their positions. Moreover, appellants have previously raised their second and third arguments in their appellate brief and, to that extent, we have addressed these arguments above. Their first argument, however, was not raised in their appellate brief. To support this argument, appellants rely exclusively on an affidavit and other documents attached to their motion. These documents are not part of the appellate record, and

---

**4.** We note that the trial court sustained Wells Fargo's objection to the Kings' attempt to incorporate their pleadings into their summary judgment response. The Kings have not challenged the trial court's ruling on appeal.

we may not consider them in our review. *See Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.). We therefore reject appellants' first argument as unsupported by the appellate record. We deny appellants' motion in a separate order to be issued with this opinion.

We affirm the trial court's judgment.