VANN V. GAINES

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-148-CV

TONY LAMAR VANN APPELLANT

V.

MR. AND MRS. HANK GAINES APPELLEES

AND GAINES REAL ESTATE COMPANY

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Pro se appellant Tony Lamar Vann appeals from the trial court’s order granting summary judgment in favor of appellees Mr. and Mrs. Hank Gaines and Gaines Real Estate Company.  Because we hold that appellees negated appellant’s claims as a matter of law, we affirm the trial court’s judgment. 

II.  Background Facts

The underlying suit, which appellant filed on December 6, 2004, stems from alleged events leading up to his eviction for non-payment of rent. According to appellant, one of the appellees “bust[ed]” into his thrift store in Arlington, Texas, on November 15, 2004, screamed “move all this [shit] . . . off the property now,” disturbed items in the store, and screamed at customers and employees.  In his original petition, appellant sought $400 in compensatory damages and $100 in punitive damages, claiming that appellees’ actions were mentally and emotionally intimidating and injured his business and employee relations.

Appellees responded by filing a general denial on December 15, 2004, and delivered a certified request for admissions to appellant on January 4, 2005, to which they received no response.  On September 14, 2005, appellant filed a motion for a jury trial.  Appellees sent a second request for admissions to appellant on September 22, 2005, to which they received no response. 

Then, on December 14, 2005, appellees filed a traditional motion for summary judgment, asserting that there was no genuine issue as to any material fact because appellant failed to answer any of appellees’ requests for admissions; thus, they were deemed admitted.

Appellant filed a motion for continuance of the summary judgment hearing on February 1, 2006.  Although, at the February 6, 2006 hearing the trial court did not expressly grant or deny the motion, it gave appellant until March 6, 2006 to respond to appellees’ summary judgment motion.  On March 1, 2006, appellant filed a “response/and/addendum” to appellees’ motion adding libel and slander claims, but did not file any factual affidavits or provide any evidence controverting appellees’ claims.  Because appellant did not deny or object to the factual requests submitted by appellees, the trial court deemed these requests admitted pursuant to Texas Rule of Civil Procedure 198.2(c), and granted appellees’ motion for summary judgment on April 18, 2006, holding that all of appellant’s requested relief was denied. 
 
Tex. R. Civ. P.
 198.2(c).  This appeal followed.  

III.  Issues Presented

In his first issue, appellant complains that because appellees provided no legal arguments or case law supporting their motion for summary judgment, the trial court erred by granting this motion.  In his second and third issues, appellant complains that the trial court’s granting of appellees’ motion for summary judgment was also error because appellant had pending motions for a jury trial and for a continuance.  In his fourth and fifth issues, appellant asserts that appellees committed libel and slander by submitting several of the requests for admissions.  Because these issues are interrelated, we address them together.

A.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

B.  Discussion

Appellant sued appellees alleging physical and emotional distress and injury to his thrift store business due to appellees’ “malicious harassment,” “illegal fees,” and discriminatory practices.  Appellees filed a general denial and sent appellant two sets of requests for admissions.  These requests for admissions, which 
negated all of the alleged offenses
, went unanswered by appellant. 
 See 
Tex. R. Civ. P.
 198.3; 
Marshall v. Vise,
 767 S.W.2d 699, 700 (Tex. 1989) (holding that unanswered requests for admissions are automatically deemed admitted unless court on motion permits withdrawal or amendment; once admitted, admission is judicial admission, whether deemed or otherwise).
 

Although appellant asserts that appellees’ summary judgment motion was defective because it provided no legal arguments or case law, a movant’s actual summary judgment burden is to 
establish that no genuine issue of material fact existed.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co., 
73 S.W.3d at 215.
  
Here, t
he summary judgment evidence, including appellant’s admissions, shows that no genuine issue of material fact existed regarding whether appellees maliciously harassed him, charged him illegal fees, or discriminated against his business practices.  
See 
Marshall,
 767 S.W.2d at 700
.  
Even if the trial court had allowed appellant to withdraw the admissions, appellant did not file any factual affidavits or provide any evidence controverting appellees’ summary judgment claims.  Therefore, the trial court’s refusal to withdraw the deemed admissions is irrelevant.  Accordingly, we overrule appellant’s first issue.
(footnote: 2)
 In his second issue, appellant asserts that the trial court denied his rights to due process and a trial by jury under the federal constitution when it rendered summary judgment in favor of appellees.  Specifically, appellant argues that his right to a trial by jury was violated by the trial court’s summary judgment.
(footnote: 3) 

A party does not have an absolute right to a jury trial in a civil case. 
 See
 
Green v. W.E. Grace Mfg. Co.,
 422 S.W.2d 723, 725 (Tex. 1968); 
King v. Wells Fargo Bank, N.A. 
205 S.W.3d 731, 734 (Tex. App.—Dallas 2006, no pet.).
  Summary judgment is a procedure that may be used to dispose of a case when there are no genuine issues of material fact and only questions of law exist.
  See
 
Green,
 422 S.W.2d at 725; 
King, 
205 S.W.3d at 734. 
 Because appellant’s unanswered responses to appellees’ requests were deemed admitted, no material fact issue precluded summary judgment.   Where, as here, no material issues of fact exist to submit to a jury, the granting of summary judgment will not violate a party’s constitutional right to a jury trial.
  
See
 
Green,
 422 S.W.2d at 725; 
King, 
205 S.W.3d at 734.  Accordingly, we overrule appellant’s second issue.

In his third issue, appellant asserts that the trial court erred by not ruling on his motion for continuance before granting appellees’ motion for summary judgment.
(footnote: 4)  On February 1, 2006 appellant filed a motion for continuance of the hearing on appellees’ motion for summary judgment asking for more time to hire an attorney.  At the February 6, 2006 hearing, although the trial court did not expressly grant appellant’s motion, it did provide appellant until March 6, 2006 to respond to the motion for summary judgment.  By giving appellant this extra time, the trial court implicitly granted his motion for continuance.  
See Ho v. Univ. of Tex. at Arlington
, 984 S.W.2d 672, 693-94 (Tex. App.—Amarillo 1998, pet. denied) (construing postponements in trial to mean the same thing as continuances); 
Roosth & Genecov Prod. Co. v. Shell Oil Co.
, 175 S.W.2d 653, 655-56 (Tex. Civ. App.—Austin 1943, writ ref’d w.o.m.) (same).  Accordingly, we overrule appellant’s third issue.

In his fourth and fifth issues, appellant asserts causes of action for libel and slander against appellees based on several of appellees’ requests for admissions.  In their supplement to the final motion for summary judgment, appellees responded by stating that communications made in the course of a judicial proceeding cannot be the basis for libel or slander actions.  We agree, and hold that the trial court’s order granting summary judgment properly disposed of these two issues.  
See James v. Brown
, 637 S.W.2d 914, 916-17 (Tex. 1982).  Accordingly, we overrule appellant’s fourth and fifth issues.  

IV.  Conclusion

Having overruled appellant’s five issues, we affirm the trial court’s order granting summary judgment in favor of appellees.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

WALKER, J. concurs without opinion

DELIVERED : March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We recognize the Texas Supreme Court’s holding in 
Wheeler v. Green
, which reversed a summary judgment that was based on deemed admissions that a pro se plaintiff had failed to timely answer.  157 S.W.3d 439, 442-44 (Tex. 2005).  In 
Wheeler
, the pro se litigant, who was fighting to keep joint managing conservatorship of her daughter, was unaware of the “mailbox rule” and missed her deadline for filing answers to the father’s requests for admissions by two days even though she attempted to meet the deadline.  
Id
. at 441.  Consequently, the trial court granted summary judgment in favor of the father and terminated Wheeler’s joint managing conservatorship.  
Id
.  The Texas Supreme Court reversed the decision, holding that 
trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles.  
Id. 
at 443.  Further, courts should allow deemed admissions to be withdrawn if a party can show (1) good cause and (2) no undue prejudice.  
Id
. at 442.  Here, appellant never asked to withdraw the deemed admissions, so 
Wheeler 
is inapplicable.  
See id.  

In any event, while 
a lack of understanding of pre-trial procedure by a pro se litigant might be proof of good cause to withdraw deemed admissions, a conscious indifference is not.  
Id. 
at 443.  Here, appellant was given two separate requests for admissions by appellees, one on January 4, 2005, and one on September 22, 2005.  Appellant ignored both requests.  Appellant’s only attempt at a response was in his March 1, 2006 “response/ and/addendum” to appellees’ motion for summary judgment.  This filing occurred over a year after appellees’ first request for admissions and after the hearing on appellees’ motion for summary judgment.  Unlike the pro se litigant in 
Wheeler
, appellant showed no good cause for not attempting to respond earlier.  
See id. 
   

3:
Appellant also asserts that the trial court never ruled on his demand for a jury trial.  However, in its order on appellees’ motion for summary judgment, the trial court denied all relief not expressly granted.  This denial included appellant’s jury trial demand.  

4:
We recognize that the appropriate standard of review for a 
trial court’s denial of a motion for continuance is the abuse of discretion standard. 
 BMC Software Belg., N.V. v. Marchand,
 83 S.W.3d 789, 800 (Tex. 2002); 
Dallas ISD v. Finlan,
 27 S.W.3d 220, 235 (Tex. App.—Dallas 2000, pet. denied) (op. on reh’g),
 cert. denied
, 534 U.S. 949 (2001).