COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-148-CV

 

TONY LAMAR VANN                                                            APPELLANT

 

                                                   V.

 

MR. AND MRS. HANK GAINES                                               APPELLEES

AND
GAINES REAL ESTATE COMPANY

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Pro se appellant Tony Lamar
Vann appeals from the trial court=s order granting summary judgment in favor of appellees Mr. and Mrs.
Hank Gaines and Gaines Real Estate Company. 
Because we hold that appellees negated appellant=s claims as a matter of law, we affirm the trial court=s judgment. 

II.  Background Facts








The underlying suit, which
appellant filed on December 6, 2004, stems from alleged events leading up to
his eviction for non-payment of rent. According to appellant, one of the
appellees Abust[ed]@ into his thrift store in Arlington, Texas, on November 15, 2004,
screamed Amove all
this [shit] . . . off the property now,@ disturbed items in the store, and screamed at customers and
employees.  In his original petition,
appellant sought $400 in compensatory damages and $100 in punitive damages,
claiming that appellees= actions
were mentally and emotionally intimidating and injured his business and
employee relations.

Appellees responded by filing
a general denial on December 15, 2004, and delivered a certified request for
admissions to appellant on January 4, 2005, to which they received no
response.  On September 14, 2005,
appellant filed a motion for a jury trial. 
Appellees sent a second request for admissions to appellant on September
22, 2005, to which they received no response. 

Then, on December 14, 2005,
appellees filed a traditional motion for summary judgment, asserting that there
was no genuine issue as to any material fact because appellant failed to answer
any of appellees= requests
for admissions; thus, they were deemed admitted.








Appellant filed a motion for
continuance of the summary judgment hearing on February 1, 2006.  Although, at the February 6, 2006 hearing the
trial court did not expressly grant or deny the motion, it gave appellant until
March 6, 2006 to respond to appellees= summary judgment motion.  On
March 1, 2006, appellant filed a Aresponse/and/addendum@ to appellees= motion
adding libel and slander claims, but did not file any factual affidavits or
provide any evidence controverting appellees= claims.  Because appellant did
not deny or object to the factual requests submitted by appellees, the trial
court deemed these requests admitted pursuant to Texas Rule of Civil Procedure
198.2(c), and granted appellees= motion for summary judgment on April 18, 2006, holding that all of
appellant=s requested
relief was denied.  Tex. R. Civ. P. 198.2(c).  This appeal followed.  

III.  Issues Presented

In his first issue, appellant
complains that because appellees provided no legal arguments or case law
supporting their motion for summary judgment, the trial court erred by granting
this motion.  In his second and third
issues, appellant complains that the trial court=s granting of appellees= motion for summary judgment was also error because appellant had
pending motions for a jury trial and for a continuance.  In his fourth and fifth issues, appellant
asserts that appellees committed libel and slander by submitting several of the
requests for admissions.  Because these
issues are interrelated, we address them together.








 

A.  Standard of Review

In a summary judgment case, the
issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 678.








A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004).  Once the defendant
produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element
challenged by the defendant.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

B.  Discussion

Appellant sued appellees
alleging physical and emotional distress and injury to his thrift store
business due to appellees= Amalicious harassment,@ Aillegal
fees,@ and discriminatory practices. 
Appellees filed a general denial and sent appellant two sets of requests
for admissions.  These requests for
admissions, which negated all of the alleged offenses, went unanswered
by appellant.  See Tex. R. Civ. P. 198.3; Marshall v. Vise, 767 S.W.2d 699, 700
(Tex. 1989) (holding that unanswered requests for admissions are automatically
deemed admitted unless court on motion permits withdrawal or amendment; once
admitted, admission is judicial admission, whether deemed or otherwise). 








Although appellant asserts
that appellees= summary
judgment motion was defective because it provided no legal arguments or case
law, a movant=s actual
summary judgment burden is to establish that no genuine issue of material fact
existed.  Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co., 73
S.W.3d at 215.  Here, the summary
judgment evidence, including appellant=s admissions, shows that no genuine issue of material fact existed
regarding whether appellees maliciously harassed him, charged him illegal fees,
or discriminated against his business practices.  See Marshall, 767 S.W.2d at 700.  Even if the trial court had allowed appellant to withdraw the
admissions, appellant did not file any factual affidavits or provide any
evidence controverting appellees= summary judgment claims. 
Therefore, the trial court=s refusal to withdraw the deemed admissions is irrelevant.  Accordingly, we overrule appellant=s first issue.[2]








In his second issue, appellant asserts that the trial court
denied his rights to due process and a trial by jury under the federal
constitution when it rendered summary judgment in favor of appellees.  Specifically, appellant argues that his right
to a trial by jury was violated by the trial court=s summary
judgment.[3]









A party does
not have an absolute right to a jury
trial in a civil case.  See Green v. W.E. Grace Mfg. Co.,
422 S.W.2d 723, 725 (Tex. 1968); King v. Wells Fargo Bank, N.A. 205
S.W.3d 731, 734 (Tex. App.CDallas 2006, no
pet.).  Summary judgment is a procedure
that may be used to dispose of a case when there are no genuine issues of
material fact and only questions of law exist.  See Green, 422 S.W.2d at 725; King,
205 S.W.3d at 734.  Because appellant=s unanswered
responses to appellees= requests were deemed admitted, no
material fact issue precluded summary judgment.   Where, as here, no material issues of fact
exist to submit to a jury, the granting of summary judgment will not violate a party=s constitutional right
to a jury trial.  See Green, 422 S.W.2d at 725; King,
205 S.W.3d at 734.  Accordingly, we
overrule appellant=s second issue.








In his third issue, appellant
asserts that the trial court erred by not ruling on his motion for continuance
before granting appellees= motion for
summary judgment.[4]  On February 1, 2006 appellant filed a motion
for continuance of the hearing on appellees= motion for summary judgment asking for more time to hire an
attorney.  At the February 6, 2006
hearing, although the trial court did not expressly grant appellant=s motion, it did provide appellant until March 6, 2006 to respond to
the motion for summary judgment.  By
giving appellant this extra time, the trial court implicitly granted his motion
for continuance.  See Ho v. Univ. of
Tex. at Arlington, 984 S.W.2d 672, 693-94 (Tex. App.CAmarillo 1998, pet. denied) (construing postponements in trial to mean
the same thing as continuances); Roosth & Genecov Prod. Co. v. Shell Oil
Co., 175 S.W.2d 653, 655-56 (Tex. Civ. App.CAustin 1943, writ ref=d w.o.m.) (same).  Accordingly,
we overrule appellant=s third
issue.

In his fourth and fifth
issues, appellant asserts causes of action for libel and slander against
appellees based on several of appellees= requests for admissions.  In
their supplement to the final motion for summary judgment, appellees responded
by stating that communications made in the course of a judicial proceeding
cannot be the basis for libel or slander actions.  We agree, and hold that the trial court=s order granting summary judgment properly disposed of these two
issues.  See James v. Brown, 637
S.W.2d 914, 916-17 (Tex. 1982). 
Accordingly, we overrule appellant=s fourth and fifth issues.  

IV.  Conclusion

Having overruled appellant=s five issues, we affirm the trial court=s order granting summary judgment in favor of appellees.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

WALKER,
J. concurs without opinion

 

DELIVERED
: March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]We
recognize the Texas Supreme Court=s holding in Wheeler v.
Green, which reversed a summary judgment that was based on deemed
admissions that a pro se plaintiff had failed to timely answer.  157 S.W.3d 439, 442-44 (Tex. 2005).  In Wheeler, the pro se litigant, who
was fighting to keep joint managing conservatorship of her daughter, was
unaware of the Amailbox
rule@ and
missed her deadline for filing answers to the father=s
requests for admissions by two days even though she attempted to meet the
deadline.  Id. at 441.  Consequently, the trial court granted summary
judgment in favor of the father and terminated Wheeler=s
joint managing conservatorship.  Id.
 The Texas Supreme Court reversed the
decision, holding that trial courts have broad discretion to permit or deny
withdrawal of deemed admissions, but cannot do so arbitrarily, unreasonably, or
without reference to guiding rules or principles.  Id. at 443.  Further, courts should allow deemed
admissions to be withdrawn if a party can show (1) good cause and (2) no undue
prejudice.  Id. at 442.  Here, appellant never asked to withdraw the
deemed admissions, so Wheeler is inapplicable.  See id. 


In any event, while a lack of understanding of pre-trial procedure by
a pro se litigant might be proof of good cause to withdraw deemed admissions, a
conscious indifference is not.  Id. at
443.  Here, appellant was given two
separate requests for admissions by appellees, one on January 4, 2005, and one
on September 22, 2005.  Appellant ignored
both requests.  Appellant=s
only attempt at a response was in his March 1, 2006 Aresponse/
and/addendum@ to
appellees=
motion for summary judgment.  This filing
occurred over a year after appellees= first request for admissions
and after the hearing on appellees= motion for summary
judgment.  Unlike the pro se litigant in Wheeler,
appellant showed no good cause for not attempting to respond earlier.  See id.    





[3]Appellant
also asserts that the trial court never ruled on his demand for a jury
trial.  However, in its order on
appellees=
motion for summary judgment, the trial court denied all relief not expressly
granted.  This denial included appellant=s
jury trial demand.  





[4]We
recognize that the appropriate standard of review for a trial court=s denial of a motion for
continuance is the abuse of discretion standard.  BMC Software Belg., N.V. v. Marchand, 83
S.W.3d 789, 800 (Tex. 2002); Dallas ISD v. Finlan, 27 S.W.3d 220, 235
(Tex. App.CDallas 2000, pet. denied) (op. on
reh=g), cert. denied, 534 U.S.
949 (2001).