**Order entered March 2, 2020**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-00048-CV**

**ADRIAN BOOKER AND NICOLE SMITH, Appellants**

**V.**

**ANISSA MAHMOUDI, Appellee**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-01795-2018**

### ORDER

Appellant appeals from the trial court's judgment in a forcible detainer action and nineteen additional orders.[1] Before the Court is appellee's January 30, 2020 motion to dismiss for lack of jurisdiction and mootness and appellants' response to the motion including a request for sanctions. As to the issue of possession, appellants are no longer in possession of the property and appellants agree that the issue of possession is moot. Accordingly, we **GRANT** appellee's

---

[1] This Court has already addressed the trial court's March 4, 2019 order finding appellant Adrian Booker not indigent.

motion **to the extent** that the issue of possession may not be raised in this appeal. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellate courts lack jurisdiction over moot controversies).

With respect to the remaining eighteen interlocutory orders identified in the notice of appeal, appellee asserts generally that this Court lacks jurisdiction because either appellants failed to timely appeal the orders or they are not subject to review on appeal. Interlocutory orders disposing of some but not all claims or parties merge into the final judgment and become final for purposes of appeal. *See Webb v. Jorns,* 488 S.W.2d 407, 409 (Tex. 1972). Some interlocutory orders appellants appeal from are reviewable only from the final judgment. *See eg*., Tex. R. Civ. P. 18a(j)(1)(A) (order denying motion to recuse reviewable on appeal from final judgment); *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 733 (Tex. App.—Dallas 2015, orig. proceeding) (order denying a motion to show authority reviewable on appeal from final judgment). Additionally, the final judgment specifically incorporated two of the interlocutory orders and, therefore, are reviewable.

Because appellants have not filed their brief on the merits, we do not yet know what challenges they will raise. Accordingly, we **DENY** appellee's motion on the non-possession issues without prejudice to addressing these matters in his

brief on the merits as warranted.  Appellee may also reassert its claim for damages for frivolous appeal in his brief.

We **DENY** appellants' request for sanctions.

Pursuant to this Court's January 27, 2020 order, appellants brief on the merits was due February 26, 2020.  As of today's date, appellants have not filed their brief.  Accordingly, on the Court's own motion, we **ORDER** appellants to file their brief **within fifteen days** of the date of this order.


/s/     ROBERT D. BURNS, III
        CHIEF JUSTICE