

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00404-CV

---

ASHUTOSH JOSHI, APPELLANT

V.

NEMICA KADEL, APPELLEE

---

On Appeal from the 425th Judicial District Court
Williamson County, Texas[1]
Trial Court No. 22-1889-F425, Honorable Betsy F. Lambeth, Presiding

---

May 28, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Ashutosh Joshi, files this pro se appeal from a final decree of divorce.

We affirm the trial court's judgment.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the transferor court and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

## BACKGROUND

Appellee, Nemica Kadel, filed an original petition for divorce in July of 2022, and Joshi filed a counter-petition in August. The case proceeded to final disposition in May of 2023. The trial court signed the final decree of divorce on July 14, 2023. Joshi filed a motion for new trial, which was denied. The trial court signed findings of fact and conclusions of law on August 30, 2023. Thereafter, Joshi filed this appeal.

## ANALYSIS

In his brief, Joshi argues that the trial court failed to consider critical evidence presented at trial, erred by "considering factually insufficient evidence," failed to follow Texas civil procedure, failed to sign orders in a timely manner, and abused its discretion and rendered judgment outside the statutory range.

Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349, at *6 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.). Pro se parties must comply with the rules requiring adequate briefing and citations to the record. *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 Tex. App. LEXIS 2155, at *3 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem. op.). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). In a prior letter, this Court informed Joshi that his brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1. We identified deficiencies in

the brief, directed Joshi to file a corrected brief, and admonished Joshi that a noncompliant brief could be stricken or result in waiver of his arguments. *See Davis v. Am. Express Bank FSB*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived."). Although he filed an amended brief, it too fails to comply with Rule 38.1.

Joshi's briefing, construed liberally, identifies several alleged issues. However, the brief fails to identify the applicable law or legal standard for each issue.[2] Additionally, Joshi fails to provide accurate record references, legal citations, and analysis applying the facts to the law. Consequently, his brief fails to satisfy the requirements of Rule 38.1. *See* TEX. R. APP. P. 38.1(i) (requiring "argument for the contentions made, with appropriate citations to authorities and to the record"); *see also In re M.J.G.*, 248 S.W.3d 753, 760 (Tex. App.—Fort Worth 2008, no pet.) (failure to include either substantive analysis or citation to authorities and record waives issue on appeal); *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 734–35 (Tex. App.—Dallas 2006, no pet.) (appellate courts have no duty to make independent search of appellate record for evidence to support appellant's contentions).

"When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *Briggs v. Bank of Am., N.A.*, No. 04-16-

---

[2] The single case Joshi cites in his brief is unaccompanied by any analysis explaining its significance.

00087-CV, 2017 Tex. App. LEXIS 1423, at *4 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.); *see also Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal).  Therefore, we conclude that Joshi has waived his issues by inadequate briefing.  *See* TEX. R. APP. P. 38.1(i); *Briggs*, 2017 Tex. App. LEXIS 1423, at *9 (pro se appellant presented nothing for review on appeal where brief was "procedurally and substantively inadequate").

## CONCLUSION

Accordingly, we overrule Joshi's issues on appeal and affirm the judgment of the trial court.

Judy C. Parker
Justice

4