

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00066-CV

SHAWN MANN, APPELLANT

V.

SEATTLE BANK, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-0337, Honorable Les Hatch, Presiding

August 28, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Shawn Mann, proceeding pro se, appeals the trial court's summary judgment in favor of Appellee, Seattle Bank. We affirm the trial court's judgment.

While we construe appellate briefs liberally, we hold pro se appellants to the same standards as appellants who are represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). The law is well-settled that a party proceeding pro se must comply with all applicable procedural rules. *Clemens v. Allen*, 47

S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.). Pro se parties must comply with the rules requiring adequate briefing and citations to the record. *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 Tex. App. LEXIS 2155, at *3 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem. op.). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).

Although Mann's brief does not list any "issues presented," it does, construed liberally, identify alleged errors by the trial court. However, the brief fails to identify any applicable law or legal standards. Mann's "Argument" simply lists five one-sentence complaints. The brief includes no references to the record, no references to any legal authorities, and no analysis applying the law to the facts.[1] *See* TEX. R. APP. P. 38.1(g), (i). Consequently, the brief fails to satisfy the requirements of Rule 38.1. *See* TEX. R. APP. P. 38.1 (requiring, among other things, "argument for the contentions made, with appropriate citations to authorities and to the record"); *see also King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 734–35 (Tex. App.—Dallas 2006, no pet.) (appellate courts have no duty to make independent search of appellate record for evidence to support appellant's contentions).

"When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in a brief, nothing is presented for our review." *Briggs v. Bank of Am., N.A.*, No. 04-16-00087-

---

[1] The brief also fails to include a statement of the facts and an appendix. *See* TEX. R. APP. P. 38.1(g), (k).

2

CV, 2017 Tex. App. LEXIS 1423, at *4 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.); *see also Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (it is not appellate court's duty to review record, research law, and fashion legal argument when party has failed to do so). Therefore, we conclude that Mann has waived her issues by inadequate briefing.

Accordingly, we overrule Mann's issues on appeal and affirm the judgment of the trial court.

Judy C. Parker
Justice
