

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00036-CV

---

SAMUEL KADYEBO, APPELLANT

V.

CENTENNIAL COURT, APPELLEE

---

On Appeal from the County Court at Law No. 3
Tarrant County, Texas[1]
Trial Court No. 2023-003242-3, Honorable Mike Hrabal, Presiding

---

August 28, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Samuel Kadyebo, proceeding pro se, sued Appellee Centennial Court for negligence. After the trial court granted Centennial Court's traditional and no-evidence motion for summary judgment on Kadyebo's claims, Kadyebo filed this appeal. We affirm the judgment of the trial court.

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. TEX. GOV'T CODE ANN. § 73.001.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed"); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (reviewing court construes points of error liberally to obtain just, fair, and equitable adjudication of parties' rights). Even so, pro se appellants are held to the same standards as appellants who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).

In his brief, Kadyebo lists three "issues presented," which we have liberally construed in an attempt to address his appellate complaints. However, Kadyebo's issues can fairly be described as disjointed, multifarious, and lacking a clear connection to any alleged error by the trial court.[2] Further, the brief fails to provide record references; relevant legal citations; and proper, meaningful analysis applying the law to the facts. Thus, the brief fails to satisfy the requirements of Rule 38.1. *See* TEX. R. APP. P. 38.1(i) (appellate brief must contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 734–35 (Tex. App.—Dallas 2006, no pet.) (appellate courts have no duty to make independent search of appellate record for evidence to support appellant's contentions).

---

[2] By way of example, one issue reads: "Does Appellee: 'Campus Living Villages' doing ruthless and exploitative unconscionable business in The State of Texas as 'CENTENNIAL COURT', have any lawful immunity against: 'lawlessness', 'duty as a matter of law' and 'negligence' while executing its ruthless and exploitative unscrupulous business model under Texas law[s] in the State of Texas?"

Accordingly, we conclude that Kadyebo has presented nothing for our review on appeal and has waived review of his complaints. *See Fredonia State Bank v. Gen. Am. Life. Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (point may be waived due to inadequate briefing); *Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 Tex. App. LEXIS 8529, at *15 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.) (holding any issue in appellants' brief that could be construed as legal sufficiency challenge to no-evidence summary judgment was inadequately briefed).

We overrule all of Kadyebo's issues and affirm the judgment of the trial court.


Judy C. Parker
Justice