

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00208-CV

JOE EARL ANDERSON, APPELLANT

V.

VICTOR CARRANZA AND LUCIA HERMOSILLO, APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CV-0868, Honorable Les Hatch, Presiding

March 31, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Joe Earl Anderson, appearing pro se, appeals an adverse judgment granted in favor of appellees, Victor Carranza and Lucia Hermosillo. Because Anderson has failed to comply with Texas Rule of Appellate Procedure 38.1, any issues presented for review have been waived. We affirm the judgment of the trial court.

## BACKGROUND

Carranza and Hermosillo signed a residential contract for deed and manufactured home with Anderson for $86,000. After they made a down payment of $55,000 and monthly payments totaling $9,896.74, Anderson refused a check for $21,903.70 that would have satisfied the remaining contractual balance. Carranza and Hermosillo sued Anderson for breach of contract, suit to quiet title, failure to record the contract in the deed records, and failure to transfer title of the property. The trial court granted a partial summary judgment against Anderson and ordered Anderson to transfer the property at issue to Carranza and Hermosillo. In a letter ruling and subsequent order, the trial court awarded Carranza and Hermosillo attorney's fees of $5,450 and ordered the fees be offset from the $21,903.70 balance they owed under the contract. After offset, $16,453.70 was placed into the registry of the court for the benefit of Anderson. The trial court signed a final judgment incorporating the summary judgment and order to submit funds into the registry of the court. Anderson timely filed his appeal.

## ANALYSIS

Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349, at *6 (Tex App.—Austin Aug. 14, 2018, pet. denied) (mem. op.). Pro se parties must comply with the rules requiring adequate briefing and citations to the record. *Sneed v. Stamat*, No. 09-19-00379-CV, 2021 Tex. App. LEXIS 2155, at *3 (Tex. App.—Beaumont Mar. 18, 2021, no pet.) (mem.

op.).  The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue.  *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010).  In a prior letter, this Court informed Anderson that his brief failed to comply with the requirements of Texas Rule of Appellate Procedure 38.1.  We identified deficiencies in the brief, directed Anderson to file a corrected brief, and admonished Anderson that a noncompliant brief could be stricken or result in waiver of his arguments.  *See Davis v. Am. Express Bank, FSB*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) ("Appellate issues must be supported by argument and authority, and if they are not so supported, they are waived.").  Although he filed an amended brief, it too fails to comply with Rule 38.1.

Anderson's briefing, construed liberally, is a series of conclusory statements and allegations that Carranza and Hermosillo breached the contract at issue.  However, the brief fails to identify any applicable law, legal standard, or any error by the trial court.  Further, the brief fails to provide record references or any analysis applying the law to the facts.  Thus, the brief fails to satisfy the requirements of Rule 38.1.  *See* TEX. R. APP. P. 38.1(i) (appellate brief must contain, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (merely uttering brief, conclusory statements unsupported by legal citations does not satisfy requirements of Rule 38.1); *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 734–35 (Tex. App.—Dallas 2006, no pet.) (appellate courts have no duty to make independent search of appellate record for evidence to support appellant's contentions).

"When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *Briggs v. Bank of Am., N.A.*, No. 04-16-0087-CV, 2017 Tex. App. LEXIS 1423, at *4 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.); *see also Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal). Therefore, we conclude that Anderson has waived his issues by inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Briggs*, 2017 Tex. App. LEXIS 1423, at *9 (pro se appellant presented nothing for review on appeal where brief was "procedurally and substantively inadequate").

## CONCLUSION

Finding that Anderson has failed to raise an issue for review, we affirm the trial court's judgment.

Judy C. Parker
Chief Justice