### L. V. LACROIX v. D. J. EVANS.

(No. 550, Op. Book No. 2, p. 260.)

APPEAL from Galveston County.   Opinion by CLARK, J.

§ 749. *Trial by jury; right of, upon compliance with law, cannot be denied; waiver of, mere absence is not.* Upon compliance by a party to a civil action with the regulations prescribed by law, he is entitled to withdraw from the consideration of the court the issues of fact arising on the case, and to have them determined by a jury of the country.   This right is guarantied him by the constitution, and cannot be defeated in the absence of unmistakable waiver.   Mere absence from the court room of himself or his attorney, when the case is reached and called for trial, cannot, standing alone, be construed as such waiver, for this often happens through inadvertence, accident or misfortune, which ought not to work a forfeiture of jury trial.   Upon the election of a party, and his compliance with the law, the case is transferred from the docket, the cases upon which may be tried by the judge alone, to a separate docket kept exclusively for those cases upon which a jury must pass, and when the case is regularly reached, neither the judge nor the opposite party have authority to dispense with a jury without the assent of the party originally demanding it. The trial may proceed without delay, but it must be in the mode prescribed by law, after the election of the other party, and his absence cannot affect the procedure.

The reasons which may prompt him to demand a jury lie within his own bosom, and may apply to the case as well in his absence as in his presence, for aught the court may know. Having paid for the privilege, it cannot be denied him. It being made to appear in this case, by bill of exception, that this cause was tried by the judge below without a jury, after a jury had been demanded by the appellant and the fee therefor paid into court, the judgment is reversed.

March 17, 1880.    Reversed and remanded.