**EASTERN TEXAS TRACTION CO. et al. v. KARNER et al. (No. 8390.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1920. Rehearing Granted and Appeal Dismissed June 24, 1922.)

**1. Pleading &#9901;378—General denial requires proof of every essential fact.**

Under a general denial, every fact necessary to a recovery must be proved by sufficient evidence which is essential to a recovery, and defendant has the right to show by evidence that no cause of action exists, that plaintiff's testimony is not true, and that prima facie evidence of plaintiff does not in fact exist.

**2. Jury &#9901;28(3)—Plaintiffs after applying for jury have no right to withdraw jury and try case without consent of defendant.**

Where a jury was applied for and the fee paid by plaintiffs, plaintiffs had no right, under Rev. St. art. 5186, to withdraw the jury and try the case without the consent of the defendant.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by Phil Karner and others against the Eastern Texas Traction Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Adams & Stennis, of Dallas, for appellants. Spence, Haven & Smithdeal and Solon Goode, all of Dallas, for appellees.

RAINEY, C. J. This is a suit by appellees, Phil Karner, Western Wheeler Scraper Company of Texas, Smith Bros. Grain Company,

and James L. Karner against appellant and others in the Sixty-Eighth district court of Dallas county for debt and foreclosure of lien against the right of way, roadbed, real estate, and all other properties of the Eastern Texas Traction Company in the counties of Dallas, Rockwall, Collin, and Hunt.

"The appellants, Eastern Texas Traction Company and J. W. Crotty, employed attorneys and caused answers to be filed herein in due time, to wit, on the 5th day of February, 1918. Thereafter, without notice to appellants, said attorneys withdrew from the case, and some time after such withdrawal, and without the knowledge of appellants, said cause was called for trial, at the instance of plaintiffs, on the 10th day of June, 1919, and, at the instance of plaintiff, without any notice to appellants, the trial court permitted plaintiffs to proceed with the trial of said cause on said 10th day of June, 1919, and, in the absence of appellants and without any one being present as attorney, or otherwise, to represent appellants, said trial was had on said 10th day of June, 1919, notwithstanding said cause had been regularly assigned for trial on the 13th day of June, 1919, and said cause was heard in said trial court and judgment rendered herein on said 10th day of June, 1919, three days before the day on which said cause was assigned for trial, and said judgment so rendered was in favor of said appellees against the appellant Eastern Texas Traction Company for the sum of $53,690, and against both appellants for a foreclosure of an alleged deed of trust lien and an alleged materialman's lien on all of said property.

"Before the adjournment of the terms of court at which said judgment was rendered, and as soon as appellants learned of said trial and judgment, they caused to be filed in said cause their motion, and amended motion, for a new trial; and, said amended motion for a new trial being overruled by said trial court, appellants, in due time, perfected their appeal to this court."

The first assignment of error is:

"Said cause was called and tried out of its regular order, and three days before same was set for trial and before it could have been regularly reached and called for trial."

The third proposition presented by appellants under said assignment is:

"Where, on motion to set aside a judgment, filed and presented during the term at which said judgment was rendered, it is made to appear to the trial court that defendants had in due time filed their answers constituting a good defense to plaintiffs' cause of action and had employed counsel to represent them, and, without the knowledge of appellants, said counsel had, after such employment and before the trial of said cause, withdrawn from said case, and that plaintiff had caused said case to be tried and judgment to be rendered therein against defendants three days before the day on which said cause had been regularly assigned for trial as per printed assignment duly prepared by the clerk of said court, under the direction of said trial court, and duly published, and that said defendants had not received any notice and knew nothing of said premature hearing of said cause, it was error for the trial court on said motion for a new trial to refuse to set aside said judgment and grant defendants a new trial."

The record shows that—

"The petition of the plaintiffs in the trial court does not show a liquidated claim, nor is said claim verified by the affidavit of any one. Each of the appellants, who were defendants in the trial court, in due time, by their attorneys, filed in said cause an answer containing, in due form, a general demurrer to the petition of plaintiffs and a general denial to all the allegations of plaintiffs. Judgment was rendered in said trial court against appellants on June 10, 1919. On August 9, 1919, appellants filed in said cause their motion to have said judgment set aside and to grant them a new trial, and, thereafter, on August 28, 1919, appellants filed in said cause their amended motion for a new trial. Attached to said amended motion for a new trial is the official printed assignment of said trial court, prepared by the clerk of said court under the direction of said court and duly published, which, in part, shows, among other cases, this cause No. 27363–C, set for May term of said trial court on the 13th day of June, 1919."

On the trial of said motion the court heard the affidavits of F. E. White and J. W. Crotty, the president and vice president of appellant company, which read in substance, as stated in appellant's brief:

"Attached to said amended motion for a new trial is the affidavit of F. E. White who is one of the defendants in said cause and the same party who is named in plaintiffs' petition as president of appellant, Eastern Texas Traction Company, and said affidavit shows, in part, that this cause was filed on December 19, 1917, and in due time attorneys were employed to represent the said White and said Eastern Texas Traction Company, and in due time their answers were filed in said cause, and that said cause was thereafter continued from term to term, and that said F. E. White was not present at the trial of said cause on June 10, 1919, and did not learn of such trial for more than a month thereafter; that he did not learn of the withdrawal of said attorneys from said cause until long after the 10th day of June, 1919; that he was never informed of the setting of said cause for trial in June, 1919, and that he never authorized any one to withdraw the answer of said Eastern Texas Traction Company, and never heard of such withdrawal until long after the 10th day of June, 1919.

"Attached to said amended motion for a new trial is the affidavit of J. W. Crotty, showing the filing of said suit by appellees and the employment of counsel by himself and said Eastern Texas Traction Company, and the filing of answers for himself and said company in due time and the continuance of said cause from term to term by plaintiffs; that his attorneys had promised to give to him, and to said company, notice of the day on which plaintiffs might desire the trial of said cause in order that he might be present in his own in-

terest and in the interest of said company, and to testify in his own interest and in the interest of said company at the trial of said cause; that during the months of May, June, and July, 1919, and for some time prior thereto, the business in which he was then engaged made it necessary for him to spend practically all of his time at a distance of several hundred miles from Dallas county; that during the latter part of July, 1919, he received notice from the sheriff of Dallas county that all of said Eastern Texas Traction Company's properties were advertised for sale by said sheriff under a judgment rendered in said cause on June 10, 1919; that the receipt of said notice was the first information received by him of the trial of said cause, or that said cause had been set for trial, and of said judgment, and that he went to Dallas immediately, and learned for the first time that the attorneys theretofore employed by him to represent him and said Eastern Texas Traction Company had withdrawn from said cause; and showing, further, that the statement in said judgment that the Eastern Texas Traction Company withdraws answer filed by it heretofore and says nothing in bar of the plaintiffs' action is not correct but is error, and was made without the knowledge or consent of the Eastern Texas Traction Company or any one else authorized to represent it, and if said answer was ever withdrawn it was not by authority or consent, nor with the acquiescence of said company nor of its attorneys; that he and said Eastern Texas Traction Company had a good defense against the suit of plaintiffs in said cause, and plaintiffs had notice of the desire of appellants to be present at any trial of said cause."

The court also heard oral testimony on the question of said case being set on the 13th of June, 1919, as follows: Judge C. M. Smithdeal, attorney for plaintiffs, as given by appellants, on the hearing of said motion for a new trial, testified in part, as follows:

"Some time before judgment was taken on June 10, 1919, I went to the office to see Mr. Weisberg (one of the attorneys of record of appellants), and asked him if he had notified the Eastern Texas Traction Company, and he told me he had notified the Eastern Texas Traction Company, and that so far as he was concerned it was all right for me to proceed. I mean that he had notified them of his withdrawal from the case. We had previously had conversations in which he asked me to postpone so that he might have an opportunity to so notify them. At the same time he requested me not to take personal judgment against J. W. Crotty. That being the situation and all the other parties having an agreement and I having a statement here from Mr. Brooks which I exhibited to the trial court that it was all right to go ahead and take judgment, I came down here and took this judgment. The day after the judgment was entered I met Mr. F. M. Etheridge, and he told me he was representing Mr. White. I told him the judgment had not been written up, but told him what it was. Later on I sent him a copy of the judgment, except the field notes, and still later I sent him a copy of the advertisement of sale

which contained a copy of the field notes. I cannot say that Mr. Etheridge knew that the judgment was going to be taken. As to why the court took this matter up on the 10th, we just all assumed that everybody was—that it was agreeable all the way round; there was no objection and no harm done by taking it up on the 10th, because they [meaning appellants] didn't know it was set; they had not paid any attention to it, and didn't know it was set, and the court certainly has the right to take up the case at any time."

Also the substance of the testimony of Mr. Weisburg, taken from appellants' brief:

"I am a practicing attorney. I have represented the Eastern Texas Traction Company. F. E. White was president and J. W. Crotty was vice president and general manager of that company. I think it is fair to say I was employed in this case; it was understood at that time that I was. I was handling their business. It is my impression that I filed a formal answer for Mr. Crotty. I remember discussing with Mr. Smithdeal the question of my withdrawal from the case. At that time I understood Judge Smithdeal was preparing to take judgment, and I think I told him, in substance, at that time that I had notified the Eastern Texas Traction Company that I was not going to be connected with the case, and I think I told Judge Smithdeal at that time that in so far as I was concerned it was all right for him to go ahead and take judgment to that effect. I think I told him that, in substance, I had as a matter of fact previously to that time told White that I was not going to have anything to do with the case. I told White that quite some few weeks ago. With reference to the time the judgment was taken I told Mr. White that in May I presume it was really before I was talking to Judge Smithdeal, right shortly before, because I recall the occasion of Mr. White's coming into the office to talk to me about other matters, personal matters, in which Mr. Etheridge was representing him, and in the course of conversation this Karner Case came up and these other little cases that were both on the same contract, the Hill and Joescks Case, and I was telling White I could not seem to find anybody that confessed to any interest in the case, in the Eastern Texas Traction Company, that Coke and his clients apparently wanted to have nothing to do with it, and that Mr. Strickland and Templeton, Bell and Williams did not seem to want to have anything to do, and that I couldn't find anybody that wanted to have any thing to do with it, and that I was pretty sick of it, and didn't intend to have anything more to do with it myself, and I recall that conversation. As to whether in that same conversation I understood from White that he had employed Etheridge to look after the matter of getting what White had put in the company out, my understanding of that was that he (Mr. White) really wanted us to handle that matter for him, but I didn't feel like we could do so, and he employed Etheridge, and I understand for the purpose of getting Mr. Etheridge to help him in some manner if he could to get the money out of the Eastern Texas Traction Company that he, White, had put into it. My

guess is that it was about the time that the case was set on the nonjury docket. The case was set either on the jury docket or the nonjury docket, and probably that is the occasion of the conversation between us. At the time I had this conversation with Mr. White some days before this judgment was taken, my firm or myself personally had been representing the Eastern Texas Traction - Company in this cause, but I am not sure that Mr. Etheridge had been representing Mr. White, who has been sued personally in this cause. I think I filed answer for White in this case because at that time he hadn't gone to Etheridge with any of his matters. I am not sure whether Mr. Etheridge was representing White individually in this case. I do not remember that I ever filed any written withdrawal from the case. I never authorized anybody to withdraw the answer that I filed for the Eastern Texas Traction Company in the case. I took no formal steps of that character. I had not been able to find anybody it seemed to me who was interested in the thing at all, and I really supposed that everybody was content to let the matter go its own way."

[1] Appellee shows that in the original suit there was filed an answer consisting of a general denial. Under this answer every fact necessary to a recovery had to be proved by sufficient evidence which was essential to a recovery. And under this answer the defendant had the right to show by evidence that said cause never existed, and to show such fact that plaintiff's testimony was not true, and that plaintiff's prima facie evidence did not in fact exist.

[2] The appellee contends that appellants had no defense to the cause of action, and, not having presented it in the motion for new trial, their right to a new trial will not be heard. The appellees swore positively in their motion for a new trial that they had employed attorneys to present their defense, which the judgment cites was withdrawn. It is claimed by appellants that said answer was withdrawn, and the trial court heard oral evidence on this issue. This was given by Mr. Weisburg, attorney for appellees, who swears that he had not withdrawn said answer, and it is very unsatisfactory that he ever notified the appellees of his having withdrawn as attorney from the suit, but he did withdraw from the suit, and said parties had no representation in the trial, but the case was tried without their consent or knowledge. The court docket shows a trial and judgment for plaintiffs on June 10, 1919, and neither of the defendants was present; that an assignment of the cases for that term was published, and this case was set for trial on the 13th day of June, 1919. Article 5186, R. S., provides that—

"When one party has applied for a jury trial, * * * he shall not be permitted to withdraw * * * without the consent of the parties adversely interested."

Under our statutes the "right of a trial by jury to remain inviolate" is subject to legal exceptions. Article 5186, R. S. A jury was applied for at a former term of the court in this case, and the fee paid by the appellees, but under the statute plaintiffs had no right to withdraw the jury and try the case without the consent of the defendants, and, defendants not having consented, the court erred in so ruling. For this error the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.