**Otis GREEN, Petitioner,**

**v.**

**W. E. GRACE MANUFACTURING COMPANY, Respondent.**

**No. B-350.**

Supreme Court of Texas.

Jan. 3, 1968.

Hight, Bailey & Hight, Claire E. Bailey, Dallas, Maloney & Black, Thomas Black, Austin, for petitioner.

Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, Louis Wilson, Dallas, for respondent.

HAMILTON, Justice.

Petitioner, Otis Green, brought this action for damages for personal injuries sustained by him while acting in the scope of employment against the W. E. Grace Manufacturing Company, his employer. When the cause was originally filed in the District Court, Petitioner applied for a jury and paid the jury fee. Respondent was served with citation on the day of filing but inexplicably failed to answer on appearance date. Thereafter, Petitioner having waived the jury and the court having heard evidence of damages, default judgment was entered against Respondent for $7000.00 with interest and costs.

Four months after the default judgment was rendered, Respondent appealed by writ of error to the Court of Civil Appeals at Dallas and asserted two points of error. The first challenged the sufficiency of Plaintiff's petition to support a default judgment and was overruled. The Court of Civil Appeals opinion has correctly disposed of this point. The second point complained that its right to trial by jury was abridged when Petitioner waived the jury in open court prior to trial. The Court of Civil Appeals sustained the second point and remanded the cause for trial on the issue of damages. 417 S.W.2d 71.

The following questions, therefore, are presented for determination. When one party demands a jury and timely pays the jury fee, is the right to a jury trial thus secured to the adverse party under Texas Rules of Civil Procedure, rule 220?

> "When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket *over the objection of the parties adversely interested.* If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. * * * (Emphasis added)."

If not, does the adverse party by his mere absence and consequent failure to object to the withdrawal of the case from the

jury docket, prevent such withdrawal? Whatever rights Respondent, Grace Manufacturing Company, had to a jury trial are conferred by Tex.Const. Art. I, § 15,[1] and Art. V, § 10, Vernon's Ann.St.,[2] and regulated by Tex.R.Civ.P. 220, and the cases construing same. While the right to a jury trial is by constitutional mandate to remain inviolate, the Legislature is also directed to pass such laws as maintain its efficiency. Tex.Const. Art. I, § 15. Such a statute, Tex.Civ.Stat. Art. 3072 (1879), the predecessor of Rule 220, provided:

> "When one party has applied for a jury trial * * *, he shall not be permitted to withdraw such application without the *consent* of the parties adversely interested." (Emphasis added).

The decisions construing this statute, the source of old Rule 220, fall basically into two classifications: first, those cases in which the party who affirmatively asserted his right to a jury and paid the jury fee, but who was absent at the time of trial and against whom a default or *nihil dicit* judgment was entered without submission to a jury of the issues; and second, those cases in which the defaulting party had requested nothing but to whose benefit the affirmative assertion of the adverse party inured.

■ In the first class it has been uniformly held that mere absence from the courtroom cannot be construed as a waiver and that neither the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it. Jerrell v. Jerrell, 409 S.W.2d 855 (Tex.Civ.App.1966, no writ); White Motor Co. v. Loden, 373 S.W.2d 863 (Tex.Civ.App.1963, no writ); Barker v. Kidd, 357 S.W.2d 490 (Tex.Civ.App.1962, no writ); Panhandle & S. F. Ry. Co. v. Lawless, 94 S.W.2d 213 (Tex.Civ.App.1936, no writ); Finnell v. Byrne, 7 S.W.2d 139 (Tex.Civ.App.1928, no writ); Lacroix v. Evans, 1 White & W.Civ.Cas.Ct.App. 411 (Tex.Ct.App.1883). This result obtains not only because the defaulting party made an affirmative assertion of his rights, Tex.Const. Art. V, § 10, supra, but also from the language of the Rule itself which speaks only to the ability of the demanding party to withdraw the case and which indicates no method for the nonmoving party to secure the withdrawal. In this regard the language of the current Rule has not changed since 1879.

The second class of early cases were decided on a strict interpretation of Tex.Civ.Stat. Art. 3072 (1879); Eastern Tex. Traction Co. v. Karner, 242 S.W. 252 (Tex.Civ.App.1922, no writ); Jones v. Hamby, 29 S.W. 75 (Tex.Civ.App.1895, no writ). In Jones v. Hamby, supra, the court after quoting Art. 3072 (requiring the consent of the adverse party to his withdrawal) said "As the plaintiff had demanded a jury, paid the jury fee, and the case had been properly placed on the jury docket, the defendants thereby, *under the terms of the foregoing article,* became entitled, as a matter of right, to a trial by jury." The statute itself defined and delineated the right. Likewise, in Highsmith v. Tyler State Bank & Trust Co., 194 S.W.2d 142 (Tex.Civ.App.1946, writ ref'd) the language of Rule 220 was construed to limit the class of beneficiaries of the jury request and fee payment to those parties who were *adversely interested* to the demanding party.

■ It is clear then that the inviolate right to a jury trial is regulated by those Rules which specify its availability. In 1947 Rule 220 was changed from requir-

1. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. * * *

2. In the trial of all causes in the District Courts the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

ing *consent* of the adverse party to the withdrawal to requiring the interposition of an objection to the removal. The effect of this change is that the non-demanding party is no longer assured a jury trial by virtue of the request and payment by his adversary. The Rule now requires that some affirmative action be taken by all parties to insure themselves a jury trial. Thus, until an objection is registered to the withdrawal of a case from the jury docket, the non-demanding party has no right to have the case remain on that docket. It is the objection itself that establishes the right. The bases for such a prerequisite are the expedition of trials and the avoidance of the necessity of presenting the case to a jury with foregone conclusions.

We hold that a party, who does not timely demand a jury and pay the fee must object to the withdrawal of the case from the jury under Rule 220. The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.