**Opinion issued May 1, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00446-CV

————————————

**MORRELL MASONRY SUPPLY, INC., Appellant**

**V.**

**JOHN H.  CODDOU JR., Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-61489**

---

## MEMORANDUM OPINION

Appellant, Morrell Masonry Supply, Inc. ("Morrell"), challenges the trial court's order granting appellee, John Coddou, Jr. ("Coddou"), summary judgment in its suit against Coddou for breach of a covenant not to compete.  In its sole

issue, Morrell contends that the trial court erred in granting Coddou summary judgment.

We affirm.

## Background

In October 2007, Morrell, a Houston-based masonry and Exterior Insulation Finishing System ("EIFS") supplier, hired Coddou as a plaster salesman. Morrell did not ask Coddou to sign an employment contract, and his employment was at-will. In December 2008, after Coddou had worked for Morrell for over a year, Coddou agreed to sign a covenant not to compete, which states:

> In consideration for participating in Morrell Masonry Supply, Inc.'s ("employer") profit sharing program employee promises to abide by the following terms and conditions.
>
> Employee recognizes and acknowledges that as a participant in employer's profit sharing program employee will have access to all of employer's corporate records. The information contained in employer's corporate records is important, material, and confidential and gravely affects the effective and successful conduct of employer[']s business. Therefore, employee specifically agrees that he or she will not at any time, in any fashion, form, or manner, either directly or indirectly, divulge, disclose, or communicate to any person, firm, or corporation in any manner whatsoever any information of any kind, nature, or description concerning any matters affecting or relating to the business of employer, including but not limited to, the names of any of its customers, the prices it obtains or has obtained or at which it sells or has sold its products, or any other information concerning the business of the employer, its manner of operation, its plans, process, or other data of any kind, nature, or description without regard to whether any or all of the foregoing matters would be deemed confidential, material, or important.

2

Employee further recognizes and acknowledges that the information contained in employer[']s corporate records could be used to its competitive disadvantage. Therefore, employee specifically agrees that for a period of one year following the termination of employment, however caused, the employee will not within the geographical limits of the State of Texas directly or indirectly for himself, or on behalf of, or as an employee of any other merchant, firm, association, corporation, or other entity engaged in or be employed by any stucco and/or E.I.F.S. supplier business or any other business that is competitive with employer.

Employee further agrees that in the event of violation of this agreement by employee, employee will pay as liquidated damages to the employer the sum of $100.00 per day, for each day or portion of a day that the employee continues such breach of the agreement. It is also recognized and agreed that damages in the event of a breach are difficult to ascertain, though great and irreparable, and that this agreement with respect to liquidated damages shall in no event disentitle employer to injunctive relief.

On December 30, 2009, Morrell sent Coddou a letter notifying him of the termination of his employment for: (1) "[n]ot completing assigned job duties"; (2) "[t]hree write ups within the last 3 months"; and (3) "[a]bsences."

Coddou later began working as a plaster salesman for United States Gypsum, and he worked there until he retired. In 2012, Morrell brought the instant suit against Coddou for breach of the covenant not to compete, seeking liquidated damages. Coddou filed a matter-of-law summary-judgment motion, arguing that the geographic restriction covered by the covenant not to compete, the entire state of Texas, is unreasonable, overbroad, and unenforceable. In its response, Morrell

3

asserted that Coddou's summary-judgment motion was premature and the geographic restriction was reasonable.

## Standard of Review

To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id*. at 549.

## Reasonableness of the Geographic Limits

In its sole issue, Morrell argues that the trial court erred in granting Coddou summary judgment because "multiple fact issues existed in this matter regarding the reasonableness of the geographic limit contained in [the covenant], including

4

the scope of the sales territory of Coddou," and it was deprived of its right to a jury trial. Coddou argues that the trial court did not err in granting him summary judgment because the geographic limitations in the covenant not to compete are overbroad, making it unenforceable as a matter of law.

The enforceability of a covenant not to compete is a question of law. *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 644 (Tex. 1994); *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 792 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "The hallmark of enforcement is whether or not the covenant is reasonable." *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 777 (Tex. 2011).

The Covenant Not to Compete Act ("CNCA") provides in pertinent part:

> If the covenant is found to be ancillary to or part of an otherwise enforceable agreement but contains limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable and impose a greater restraint than is necessary to protect the goodwill or other business interest of the promise, the court shall reform the covenant to the extent necessary to cause the limitations contained in the covenant as to time, geographical area, and scope of activity to be restrained to be reasonable and to impose a restraint that is not greater than necessary to protect the goodwill or other business interest of the promisee and enforce the covenant as reformed . . . .

TEX. BUS. & COM. CODE ANN. § 15.51(c) (Vernon 2011). Because the covenant not to compete signed by Coddou relates to a provision of personal services, Morrell has the burden of proving that its terms comply with the CNCA. *See id.* § 15.51(b) ("If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, for a term or at

5

will, the promisee has the burden of establishing that the covenant meets the criteria specified by Section 15.50 of this code.").

Coddou argues that the covenant not to compete is unenforceable because "its geographic restriction is unreasonable." The covenant prohibits Coddou from working for a supplier of stucco or EFIS, or any competitor of Morrell, anywhere in the State of Texas. Coddou's summary-judgment evidence included his own affidavit, a copy of the non-compete agreement, and Morrell's letter terminating his employment. In his affidavit, Coddou testified that Morrell "only did business in the Houston, Beaumont, and San Antonio areas," Morrell "had a separate sales staff for the San Antonio area," and Coddou "had a specific sales territory that encompassed Houston, Beaumont, and the surrounding areas." And Coddou stated that he "was not involved in a single sale that occurred outside of the Houston or Beaumont areas." Morrell's summary-judgment evidence consisted of the affidavit of its owner and president, Bradford Cromeens. Cromeens testified that "Morrell does significant business throughout the entire State of Texas" and Coddou "was responsible for sales throughout the State of Texas."

In determining the reasonableness of a covenant not to compete we consider whether the covenant contains limitations that are reasonable as to geographical area and do not "impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee." *Marsh USA, Inc.*, 354 S.W.3d at 777.

6

The territory in which an employee worked for an employer is generally considered to be the benchmark of a reasonable geographic restriction. *Butler*, 51 S.W.3d at 793 (citing *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 119 (Tex. App.—Houston [14th Dist.] 1999, no pet.)); *Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 232–33 (Tex. App.—Texarkana 1998, no pet.).

Here, Morrell did not raise a genuine issue of material fact as to the reasonableness of the geographic restrictions contained in the covenant not to compete. Coddou presented evidence that Morrell does business in only three cities and his sales territory for Morrell consisted of two of those cities, Houston and Beaumont. Coddou also averred that he did not participate in a single sale outside of Houston or Beaumont. Although Cromeens testified generally that Coddou was "responsible for sales throughout the State of Texas," he offered no factual support for his conclusory assertion.

Morrell asserts that the conflict between Coddou and Cromeens' affidavit testimony creates a genuine issue of material fact with respect to "the counties in which [Coddou] worked and was responsible for in Texas." However, Morrell provided no evidence that Coddou worked on its behalf in cities other than Houston or Beaumont. Nor did Morrell provide any evidence that Coddou's sales territory extended to its San Antonio office or anywhere else in Texas.

Morrell's evidence, consisting of the general assertion contained in Cromeens' affidavit that Coddou was responsible for sales throughout Texas is conclusory and not proper summary-judgment evidence. *See* TEX. R. CIV. P. 166a(c) (requiring that the testimonial evidence of an interested witness be "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies," and capable of being readily controverted). In his affidavit, Cromeens merely asserted that Coddou was "responsible for sales throughout the State of Texas," and he did not provide any further facts to controvert Coddou's testimony, such as naming specific sales transactions in cities other than Houston and Beaumont. Cromeens merely stated a conclusion without providing any factual support. *See Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). An affidavit that states only legal or factual conclusions without providing factual support does not constitute proper summary-judgment evidence because it is not credible or susceptible to being readily controverted. *Id.* Self-serving affidavits from interested parties must be clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and readily controvertible to support summary judgment. *Id.* (citing *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex.

1997)).  In contrast, Coddou, in his affidavit, provided specific information about the geographic scope of his duties.

Morrell asserts that statewide restrictions such as those found in the instant covenant not to compete are not unreasonable per se.  In support of this assertion, Morrell relies on *Salas v. Chris Christensen Sys., Inc.*, 10-11-00107-CV, 2011 WL 4089999 (Tex. App.—Waco, Sept 14, 2011, no pet.).  However, as pointed out in *Salas*, a limitation in a covenant not to compete that restricts it to a particular client base "is an acceptable substitute for a geographic limitation."  2011 WL 408999, at *19 (noting that "[o]rdinarily a covenant not to compete with broad or no geographical scope is unenforceable").  Thus, in *Salas*, the court enforced the covenant not to compete despite its lack of a specific geographic restriction because it was limited instead to a particular client base.  No such "substitute" limitation, restricting the covenant to a particular client base, exists here.

The statewide restriction in the covenant not to compete in the instant case is too broad to be enforceable because it far exceeds the two cities in which Coddou worked on behalf of Morrell, even if Morrell's business extended to San Antonio, beyond the territory assigned to Coddou.  *See Butler*, 51 S.W.3d at 793.  The geographic restriction in the instant covenant not to compete is significantly broader than the geographic scope of Coddou's actual employment.  Thus, it is broader than is reasonably necessary to protect Morrell's interests.  *See Marsh USA*

9

*Inc.*, 354 S.W.3d at 777. Moreover, there is no evidence that Morrell's business extends beyond San Antonio, Houston, and Beaumont. A covenant not to compete restricting activity throughout the entire state is broader than necessary to protect Morrell's business interests. *See* TEX. BUS. & COMM. CODE § 15.51(c). Accordingly, we hold that the trial court did not err in granting Coddou summary judgment.

In regard to Morrell's assertion that the trial court denied its right to a jury trial, we note that a party does not have an absolute right to a jury trial in a civil case. *See Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied) (citing *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex. 1968)). Summary judgment is a procedure that may be used to dispose of a case when there are no genuine issues of material fact and only questions of law exist. *Id.* Where, as here, no material issues of fact exist to submit to a jury, the granting of summary judgment does not violate a party's constitutional right to a jury trial. *See id.*

We overrule Morrell's sole issue.

**Conclusion**

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

11