# NO. 12-14-00006-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: AARON VAUGHAN* | § | |
| *AND LACY VAUGHAN,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Relators Aaron and Lacy Vaughan challenge the trial court's denial of a jury trial. They request a writ of mandamus directing the trial court to reverse its December 19, 2013 order setting aside their jury trial demand in a suit seeking termination of their parental rights to four children. The respondent is the Honorable Carole W. Clark, Judge of the 321st Judicial District Court, Smith County, Texas. The real parties in interest are Karen and Daniel Vaughan and Kristin and Michael Broyles. We conditionally grant the petition.

## BACKGROUND

Aaron and Lacy are the parents of four children who were removed from their care by the Department of Family and Protective Services (the Department). On August 24, 2012, the Department filed a petition for protection of the children, for conservatorship, and for termination in a suit affecting the parent-child relationship. That same day, the trial court signed an emergency order naming the Department as temporary sole managing conservator of the children. On February 21, 2013, Lacy filed an affidavit of indigence. The trial court signed an order finding that Lacy "has filed an affidavit of indigence in accordance with rule 145(b) of the Texas Rules of Civil Procedure" and appointing Jarrod Heath to represent her in the proceedings. On May 16, 2013, Lacy filed a written request for a jury trial that stated she

has previously filed her Affidavit of Indigency, which was approved by this Court. Therefore, pursuant to Rule 145 of the Texas Rules of Civil Procedure, she does not tender herewith the $30.00 jury fee customarily assessed by the District Clerk of Smith County, Texas.

On August 15, 2013, the trial court signed an order retaining the suit on the court's docket and set the case "for pre-trial on January 8, 2014" and "trial on January 14, 2014." On September 20, 2013, the trial court approved Lacy's motion for substitution of counsel, discharged her court appointed attorney, and substituted Peter Milne as her attorney of record.

On December 19, 2013, the trial court conducted a hearing and announced as follows:

> There has been a request for a jury trial, and there has been a certified copy of a Bill of Cost submitted that does not show a jury fee paid.
>
> The parents have been found not indigent, as I remember from the off-the-record discussion, in either June or August, which is plenty of time to rectify that.
>
> Now, having said that, I'm going to back up, because the Court's schedule is such that the Court was looking at changing the jury trial to March, because of the Court's scheduling so soon after the new year.
>
> . . . .
>
> But if the Court goes as a nonjury, we can start on the 14th. We don't have to—we can break it up, as you cannot break up a case with a jury.
>
> So what I'm finding on the record is that this jury trial would significantly interfere with the Court's docket because the Court was already looking at changing the docket. It would delay the trial until March because of the Court's schedule.

Lacy's trial counsel objected to the court's ruling and stated that he "believe[d] that the nonpayment of a jury fee was a mistake." He requested the court to "grant these parents all possible due process." Counsel further argued that the trial court's previous finding of Lacy's indigency permitted her not to pay the $30.00 jury fee upon requesting a jury trial. Aaron's trial counsel also objected to the removal of the case from the jury docket, stating, "[I]t's my client's position that the jury fee's being waived is still valid, and we—we certainly request that the jury trial proceed on as previously requested." The trial court denied counsels' requests to proceed to a jury trial. On December 20, 2013, Lacy's trial counsel paid a jury fee of $30.00 to the Smith County District Clerk.

2

## AVAILABILITY OF MANDAMUS

Under previous law, special circumstances were required for the denial of a jury trial to merit mandamus review because it was considered that there was an adequate remedy by appeal. *See Gen. Motors Corp v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding); *In re Alaniz*, No. 13-13-00291-CV, 2013 WL 3895360, at *1 (Tex. App.—Corpus Christi July 23, 2013, orig. proceeding) (mem. op.). But now, the denial of trial by jury is reviewable by mandamus. *Id.*; *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004) (orig. proceeding)).

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* at 840; *see also In re Cauley*, No. 12-14-00028-CV, 2014 WL 3615786, at *2 (Tex. App.—Tyler July 23, 2014, orig. proceeding) (mem. op.) (not yet released for publication).

In cases involving child custody, "justice demands a speedy resolution," and "appeal is frequently inadequate to protect the rights of parents and children." *In re T.R.B.*, 350 S.W.3d 227, 231 (Tex. App.—San Antonio, orig. proceeding) (quoting *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006)). We apply this same rationale to suits seeking to terminate the parent-child relationship because the termination of that relationship embodies fundamental constitutional rights. *See Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.—Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be "strictly scrutinized." *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.—El Paso 1998, no pet.).

## DENIAL OF JURY TRIAL

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gayle*, 951 S.W.2d at 476 (quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)). The Texas Constitution guarantees an individual's right to a jury trial, and

the family code permits a trial by jury upon request in suits seeking termination of the parent-child relationship. *See* TEX. CONST. art. I, § 15; TEX. FAM. CODE ANN. § 105.002(a), (b) (West 2014). Pursuant to Rule 216 of the rules of civil procedure, a party must make a written request for a jury trial and pay the jury fee at least thirty days before the date trial is set on the nonjury docket. *See* TEX. R. CIV. P. 216. If a party who is unable to afford the deposit for the jury fee files an affidavit to that effect within the time for making the deposit, the court "shall" order the clerk to enter the suit on the jury docket. TEX. R. CIV. P. 217; *see also **In re J.N.F.***, 116 S.W.3d 426, 431-32 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that prison inmate was entitled to jury trial in action to terminate parental rights where he requested jury trial in original answer and filed declaration of inability to pay costs).

A trial court does not abuse its discretion by denying a jury trial when there is no timely request. ***Huddle v. Huddle***, 696 S.W.2d 895, 895 (Tex. 1985). However, a trial court abuses its discretion by dispensing with a jury trial that has been properly demanded without the assent of the party who demanded it. *See **Green v. W.E. Grace Mfg. Co.***, 422 S.W.2d 723, 725 (Tex. 1968) ("[N]either the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it."); *see also **Citizens State Bank of Sealy, Tex. v. Caney Inv.***, 746 S.W.2d 477, 478-79 (Tex. 1988) ("egregious error" in denying perfected right to trial by jury).

## Discussion

No party challenged Lacy's affidavit of indigence or the trial court's appointment of counsel based on her affidavit. The trial court appointed counsel on February 21, 2013. At the time Lacy filed her jury demand, she was represented by appointed counsel and her inability to pay the jury fee was conclusive as a matter of law because the trial court's approval of Lacy's affidavit of indigency was unchallenged. *See **Equitable Gen. Ins. Co. of Tex. v. Yates***, 684 S.W.2d 669, 671 (Tex. 1984) ("An uncontested affidavit of inability to pay is conclusive as a matter of law."). Because Rule 217 waives the jury fee deposit upon a party's oath of inability to pay, Lacy perfected her jury trial demand on May 16, 2013—the date she filed her written jury request and asserted her indigence. *See* TEX. R. CIV. P. 216, 217; *see also **Hosey v. County of Victoria***, 832 S.W.2d 701, 705 (Tex. App.—Corpus Christi 1992, no pet.) (plaintiff entitled to jury trial when he made written request in original petition and filed uncontested affidavit of inability to pay costs).

4

Regardless of whether Lacy's appointed counsel was substituted for retained counsel, the trial court did not have the authority to deny Lacy's jury request because it was perfected well in advance of trial and Lacy objected to the trial court's placement of the case on the nonjury trial docket. *See Green*, 422 S.W.2d at 725; *Caney Inv.*, 746 S.W.2d at 478-79. There is no rule that a change in financial circumstances renders a previously indigent party's perfected jury demand invalid. Therefore, the trial court abused its discretion by denying Lacy's request for a jury trial. *See Walker*, 827 S.W.2d at 840; *Green*, 422 S.W.2d at 725.

## DISPOSITION

For the reasons set forth above, we have concluded that the trial court abused its discretion in setting this case on the nonjury trial docket. Accordingly, we conditionally grant Relators' petition for writ of mandamus and direct the trial court to set aside its order denying relator's request for jury trial. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so *within ten days after the date of the opinion and order*. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance.

**BRIAN HOYLE**
Justice

Opinion delivered September 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 17, 2014

### NO. 12-14-00006-CV

### AARON VAUGHAN AND LACY VAUGHAN,
Relators
V.
### HON. CAROLE W. CLARK,
Respondent

#### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **AARON VAUGHAN AND LACY VAUGHAN**, who are the relators in Cause No. 12-2355-D, pending on the docket of the 321st District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 7, 2014, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and issue an order vacating its order denying Aaron and Lacy Vaughan's request for jury trial, the writ will not issue unless the Honorable Carole W. Clark, Judge of the 321st District Court of Smith County, Texas, fails to do so **within ten (10) days** from the date of this order.

It is further ORDERED that **DANIEL AND KAREN VAUGHAN AND MICHAEL AND KRISTIN BROYLES** pay all costs incurred by reason of this proceeding.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith J., and Hoyle, J.*