# NO. 12-14-00148-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARY LOU PETTY,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SANTANDER CONSUMER USA, INC.,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In this breach of contract case, Mary Lou Petty, pro se, appeals the trial court's summary judgment in favor of finance company Santander Consumer USA, Inc. In five issues, Petty argues that she is entitled to reversal because the trial court did not rule on her motion for dismissal or grant her motion for a jury trial, it granted Santander's motion for summary judgment, and it failed to provide justice. She also complains that the court coordinator made an incorrect statement to Petty. We affirm.

## BACKGROUND

Petty purchased a 2005 Toyota Tundra from Fenton Motors of Tyler.[1] Fenton utilized Santander for the financing of the Tundra, and Fenton assigned its contractual rights to Santander. Petty asserted that, four days after purchasing the vehicle, she returned it to Fenton because she believed that Fenton's salesman had deceived her, inducing her to purchase the vehicle. She made no payments to Santander.

Santander sued Petty for foreclosure of its security interest in the Tundra. Petty, proceeding pro se, filed an answer in which she asserted that her failure to make the payments

---

[1] Petty purchased two vehicles from Fenton on the same day, but Santander was not involved in the financing of the other vehicle. Therefore, that transaction is not relevant to the dispute between Santander and Petty.

was excused because of the actions of Fenton's salesman. She also sought recovery of her court costs and attorney's fees. Santander then filed a first amended petition in which it added a claim for breach of contract and a request for attorney's fees.

Santander moved for summary judgment alleging that it is entitled to judgment as a matter of law on its breach of contract claim and requesting the judicial foreclosure of its security interest in the collateral and an award of attorney's fees. Petty filed a motion for continuance, and the trial court granted Petty an additional sixty days within which to respond to Santander's motion for summary judgment. The trial court then sent notice to the parties that Santander's motion for summary judgment was set for hearing by submission. Before the date of submission, Petty filed a document entitled "Defendant's Motion for Counter Petition." In that pleading, Petty asserted that she was not at fault for breach of the contract because Fenton deceived her into entering the contract.

The trial court granted Santander's motion for summary judgment ordering Petty to pay the full amount due on the loan, plus interest and Santander's attorney's fees. The court also ordered that Santander is entitled to judicial foreclosure and ordered the sheriff to seize the Tundra. The judgment concludes by stating, "This is a final judgment which disposes of all claims between all parties. All relief not expressly granted herein is hereby denied." This appeal followed.

## MOTION FOR SUMMARY JUDGMENT

In her third issue, Petty contends that the trial court erred when it granted Santander's motion for summary judgment because it overlooked genuine issues presented in Petty's Motion for Counter Petition, and she submitted more than a scintilla of evidence. In the summary of her argument, Petty contends that her pro se answer and motion for counter petition should have been considered against Santander's motion for summary judgment. We construe this as an argument that Petty's answer and motion for counter petition should have been considered a response to Santander's motion for summary judgment, and that, if so considered, they provided evidence that raised a fact issue precluding Santander from obtaining judgment as a matter of law.

2

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant must prove all elements of the movant's cause of action. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). A party who fails to present a written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues postjudgment. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam).

Pro se litigants are held to the same standard as a licensed attorney under the law, and must comply with all applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam). To allow otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

## Petty's Motion for Counter Petition

Santander contends that Petty waived any arguments or issues regarding Santander's summary judgment because she failed to file a written response. Santander is correct that Petty failed to file a pleading entitled "Response to Motion for Summary Judgment." In fact, Petty repeatedly admits that she failed to file a written response to Santander's motion for summary judgment.

However, after Santander filed its motion for summary judgment, and after the trial court granted Petty a continuance of sixty days within which to file a response to Santander's motion, Petty filed "Defendant's Motion for Counter Petition." In that pleading, Petty argued that she

3

should not be held responsible for breaching the contract with Santander because Fenton's salesman deceived her. She makes that same argument in her appellate brief.

If justice requires, we construe mistakenly designated documents as if they were properly designated. *See* TEX. R. CIV. P. 71. Here, we construe Petty's motion for counter petition as a response to Santander's motion for summary judgment. S*ee **BCY Water Supply Corp. v. Residential Invs., Inc.**, 170 S.W.3d 596, 604 (Tex. App.—Tyler 2005, pet. denied) (appellate court looks to the substance of the pleading to determine its nature, not merely the title).[2]

## Genuine Issue of Material Fact

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from that breach. **Velvet Snout LLC v. Sharp**, 441 S.W.3d 448, 451 (Tex. App.–El Paso 2014, no pet.). By affidavit, Santander presented evidence that (1) Petty entered into a contract with Fenton for the purchase of the Tundra, (2) Fenton assigned its rights under the contract to Santander, (3) Petty failed to honor her obligations under the contract, (4) Petty owed Santander $12,053.29, (5) the Tundra was collateral for the debt and subject to being repossessed, and (6) Santander incurred attorney's fees as a result of Petty's actions. Accordingly, having conclusively established each element of its breach of contract claim, Santander showed entitlement to judgment as a matter of law. *See **Nixon***, 690 S.W.2d at 548.

The burden then shifted to Petty to present any issues precluding summary judgment. ***City of Houston***, 589 S.W.2d at 678-79. Petty did not present any evidence with her motion for counter petition. She claimed that she could obtain affidavits from witnesses to the transaction, but she did not do so. Therefore, Petty did not present evidence raising a genuine issue of material fact that would preclude the trial court from granting Santander's motion for summary judgment. Accordingly, the trial court properly granted summary judgment in favor of Santander. *See **Nixon***, 690 S.W.2d at 548. We overrule Petty's third issue.

## PRESERVATION OF ERROR

In her first issue, Petty complains that the trial court did not act on her motion for dismissal. In her second issue, Petty contends that the court coordinator told Petty that no

---

[2] Petty's answer was filed before Santander filed its motion for summary judgment. Thus, we do not construe Petty's answer as a response to Santander's motion for summary judgment.

decisions would be made on May 6, 2014, which is the date that the trial court granted Santander's motion for summary judgment. Neither of these complaints were made to the trial court.

## Applicable Law

To preserve a complaint for appellate review, a party must present the complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1. This rule ensures that the trial court has had the opportunity to rule on matters for which parties later seek appellate review. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or refused to rule on the request, objection, or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a)(2).

A trial court is required to consider and rule on a motion within a reasonable time. *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). To establish an abuse of discretion by the trial court for refusal to rule on a motion, a party must demonstrate (1) the motion was properly filed and pending for an unreasonable time, (2) the party requested a ruling on the motion, and (3) the trial court failed or refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Merely filing a motion with a trial court clerk is not a request that the trial court rule on the motion. *Id*.

## Application

Here, Petty's failure to request that the trial court rule on her motion for dismissal results in the waiver of any error and also precludes her from establishing an abuse of discretion. *See* TEX. R. APP. P. 33.1; *In re Hearn*, 137 S.W.3d at 685. Furthermore, Petty failed to establish any error by the trial court because the motion had not been pending for an unreasonable time when summary judgment was granted. *See In re Hearn*, 137 S.W.3d at 685. We overrule Petty's first issue.

Similarly, Petty failed to present to the trial court her complaint about the court coordinator's statement. This court reviews trial court actions and determines whether the trial court erred. Because the issue was not presented to the trial court, that court did not have a

5

chance to make a ruling. Therefore, Petty failed to preserve error, if any, regarding that statement. *See* TEX. R. APP. P. 33.1. We overrule Petty's second issue.

## MOTION FOR TRIAL BY JURY

In her fourth issue, Petty asserts that, in accordance with the Texas Constitution, she is entitled to a jury trial and the trial court's grant of a summary judgment violated her right to a trial by jury.

"The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15. However, the constitutional right of trial by jury is not absolute, but is regulated by rules specifying its availability. **Green v. W.E. Grace Mfg. Co.**, 422 S.W.2d 723, 725 (Tex. 1968). Thus, summary judgment, when limited to matters that involve only questions of law and no genuine issues of fact, is both constitutional and proper. *See* **Lattrell v. Chrysler Corp.**, 79 S.W.3d 141, 150 (Tex. App.—Texarkana 2002, no pet.).

We have already determined that Santander's summary judgment evidence conclusively established each element of its cause of action. Petty failed to show Santander was not entitled to summary judgment because she failed to raise a genuine issue of material fact. Accordingly, the trial court did not violate Petty's constitutional right to a trial by jury when it granted Santander's motion for summary judgment. *See id*. We overrule Petty's fourth issue.

## JUSTICE

In her fifth issue, Petty asserts that justice was not served when the trial court granted Santander's motion for summary judgment because (1) Fenton's salesman committed unconscionable acts to induce Petty to sign the contract for the vehicle, (2) Fenton's manager told Petty that he was going to financially destroy her for returning the vehicle, (3) Fenton's manager also told Santander that the vehicle was not returned when it was, (4) Santander did not assist Petty in her dispute with Fenton Motors, (5) Santander did not mitigate its damages, (6) Petty was unable to obtain the assistance of an attorney, (7) Petty was not given a trial by jury, and (8) Petty has been ordered to pay for a vehicle that she returned to the dealership and for Santander's attorney's fees.

The rules of appellate procedure require appellants to support their arguments with authority and citations to the record. TEX. R. APP. P. 38.1(i). Petty cites no authority in this

6

portion of her brief. Nor has she provided citations to the record. Therefore, due to inadequate briefing, she has waived her complaint that justice was not served. *See **Wheeler v. Methodist Hosp.***, 95 S.W.3d 628, 646 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (op. on reh'g).

Additionally, her first three arguments relate to an entity that is not a party to the suit and therefore beyond the jurisdiction of this court. *See* TEX. R. APP. P. 25.1(b) (filing of a notice of appeal by any party invokes appellate court's jurisdiction over all parties to trial court's judgment appealed from). Her fourth and fifth arguments have been waived because she did not include the arguments in a written response to Santander's motion for summary judgment. *See **Corona v. Pilgrim's Pride Corp.***, 245 S.W.3d 75, 82 (Tex. App.–Texarkana 2008, pet. denied). Her sixth argument, regarding her inability to obtain legal counsel, does not change the standard by which we review the case. *See **Wheeler***, 157 S.W.3d at 444. And, finally, we addressed her seventh and eighth arguments in our discussions of her fourth and third issues, respectively, which we overruled. Accordingly, Petty has not shown that justice requires reversal of the trial court's judgment. We overrule Petty's fifth issue.

## DISPOSITION

Having overruled Petty's five issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 8, 2015**

**NO. 12-14-00148-CV**

**MARY LOU PETTY,**
Appellant
V.
**SANTANDER CONSUMER USA, INC.,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 2013-06-0442)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **MARY LOU PETTY,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*